**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GREGORY BUTLER, #00183**                                                       **PLAINTIFF**

**versus**                                   **CIVIL ACTION NO. 3:08-cv-268-TSL-JCS**

**CHRISTOPHER EPPS, et al.**                                         **DEFENDANTS**

<u>OPINION AND ORDER</u>

This cause comes before this court *sua sponte* for consideration of dismissal. On November 21, 2008, an order [14] was entered directing the plaintiff to file a written response on or before December 5, 2008. The plaintiff was warned that his failure to comply with the court's order in a timely manner or his failure to keep this court informed of his current address would result in the dismissal of this case. Plaintiff failed to comply with this order. On December 1, 2008, the envelope [15] containing the court's order was returned by the postal service with the notation "return to sender – unable to forward."

On December 22 2008, an order [16] was entered directing plaintiff to show cause on or before January 5, 2009, why this case should not be dismissed for his failure to comply with the court's November 21, 2008 order. In addition, the plaintiff was directed to comply with the court's order by filing his written response on or before January 5, 2009. The order to show cause warned plaintiff that failure to timely comply with the requirements of the order or failure to keep this court informed

of his current address would lead to the dismissal of his complaint without further notice. The plaintiff has not complied with this order. On December 29, 2008, the envelope [17] containing the court's order was returned by the postal service with the notation "return to sender – unable to forward."

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629–30.

Plaintiff has not communicated with this court since August 29, 2008, and he has failed to comply with two court orders. The court concludes that dismissal of this action for plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendants have not been called on to respond to plaintiff's pleading, and the court has

2

not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See *Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice.  A final judgment in accordance with this opinion and order will be entered.

This the 20th day of January, 2009.


/S/ TOM S. LEE
UNITED STATES DISTRICT JUDGE